## JOHN P. BEDDEN

*v.*

## JOHN M. CLARK.

TRESPASS—*herding stock upon uninclosed land.* Where the plaintiff is in possession of land, and exercising control over the same, the driving and herding of stock upon the same, when forbidden, whether it is inclosed or not, is a trespass, and the plaintiff may recover all damages sustained by it.

APPEAL from the Circuit Court of Vermilion county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. MALLORY & LINDSEY, for the appellant

Mr. E. W. GRIGGS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in trespass, before a justice of the peace, to recover damages occasioned by appellant herding his stock on uninclosed lands of appellee without his consent.

At the trial the court permitted appellee to read in evidence, over objection of appellant, what is called the stock ordinance of the township of Butler, passed in 1871. Whether it was properly admitted in evidence, or whether the court gave the correct construction to it, are not, in the view we have taken, material questions in the decision of the case.

There is no controversy as to the fact appellant did herd his stock on appellee's land in 1872. He insists, however, it was done by the license and permission of appellee. This is denied, and the finding of the jury on all questions of fact submitted is in favor of appellee. The evidence shows appellee owned the land, had some improvements on it, and exercised such acts of dominion over it as authorized the jury to find he had possession. This being so, he could lawfully warn all persons to desist from herding stock upon it. The court very properly instructed the jury, as it did in the sixth instruction, that "stock can not be herded on a person's land or premises without his consent, and if they are so herded, that will constitute a trespass, and the owner of said land or premises, who has possession of the same, may recover damages from the trespasser, if any were sustained."

Were it lawful for stock to run at large in Butler township, as appellant insists it was, still that would not authorize him to herd his cattle on the land of appellee, over which he had control, when forbidden to do so. Driving stock upon the land of another, whether inclosed or not, when forbidden by the owner, would constitute a trespass, and such owner may maintain an action for the recovery of all damages sustained.

No material error appearing in the record, the judgment must be affirmed.

*Judgment affirmed.*